UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF BRADENTON,

    Plaintiff,

v.                                  Case No.: 8:17-cv-267-T-33MAP

SAFETY NATIONAL CASUALTY
CORP.,

    Defendant.
_____/

### **ORDER**

This matter comes before the Court upon consideration of Plaintiff City of Bradenton's Motion to Strike the Notice of Filing Supplemental Authority (Doc. # 18), filed on May 30, 2017. Defendant Safety National Casualty Corporation responded in opposition to the Motion. (Doc. # 20). For the reasons that follow, the Motion is granted and the Notice of Filing Supplemental Authority is stricken.

### **Discussion**

On February 27, 2017, the Court entered its Case Management and Scheduling Order, which authorized the filing of motions for summary judgment on the specific issue of the statute of limitations. (Doc. # 12). That order specified that "No reply will be allowed." (Id. at 1). Safety National filed its motion for summary judgment as to the statute of

1

limitations on May 1, 2017, (Doc. # 14), to which the City responded on May 19, 2017, (Doc. # 16). Subsequently, on May 26, 2017, Safety National filed a Notice of Filing Supplemental Authority (Doc. # 17), describing and attaching copies of five cases that were decided before Safety National filed its motion for summary judgment.

In its Notice, Safety National notes that the City also cited some of the listed cases in its response to the motion for summary judgment, but Safety National asserts these cases are distinguishable for reasons stated in the notice. (Id. at 2-4). For example, in its parenthetical summation for Oriole Gardens Condominiums, III v. Independence Casualty & Surety Co., No. 11-60294-CIV, 2012 WL 718803 (S.D. Fla. Mar. 6, 2012), Safety National writes:

> [R]elied upon by Plaintiff in its Memorandum of Law for the proposition that a statute of limitations does not begin to run until all conditions precedent to payment have been completed or satisfied [see Doc. No. 16, at pp. 7-8]; **however, the Oriole Gardens court also distinguishingly noted that:** i) there was no specific denial of the claim contained within the 2005 letter on which the carrier based its statute of limitations argument; ii) the carrier admitted that it did not specifically deny the claim in this 2005 letter, and; iii) the carrier "clearly invited" the insured to submit additional information, indicating that the claim was open and ongoing.

(Doc. # 20 at 2-3)(emphasis added).

The City has now filed a motion to strike Safety National's notice because it was filed without leave and attempts to circumvent the Court's order that no reply should be filed. (Doc. # 18). The City stresses that Safety National's Notice lists cases decided years before the motion for summary judgment was filed, as well as cases already cited in the City's response. (Id. at 3); see also Barron v. Snyder's-Lance, Inc., No. 13-62496-CIV, 2014 WL 2686060, at *1 (S.D. Fla. June 13, 2014)(stating that a notice of supplemental authority "should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time" that party filed its original brief and "should not make legal arguments"). The City argues the Notice violates Local Rule 3.01(c), which provides that "No party shall file any reply or further memorandum directed at the motion or response . . . unless the Court grants leave." M.D. Fla. R. 3.01(c).

In response, Safety National asserts its Notice "does not introduce new arguments" and "the brief summaries that follow each citation simply restate relevant facts or holdings from each opinion." (Doc. # 20 at 1). The Court disagrees. Safety National's attempt to distinguish cases relied upon by the City is a new argument intended to bolster

3

Safety National's own motion for summary judgment. Cf. Hodges v. Sch. Bd. of Orange Cty., Fla., No. 6:11-cv-135-Orl-36, 2012 WL 5457427, at *4 n.5 (M.D. Fla. Nov. 8, 2012)("First, as Plaintiffs have already discussed Umbehr in their Response to Defendant's Motion for Summary Judgment, it is not a new authority, for which a notice of supplemental authority is warranted. Moreover, Defendant cannot raise new arguments in a Notice of Supplemental Authority, or attempt to file an additional reply to Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment, without leave of Court." (internal citations omitted)).

Thus, the Notice is a further memorandum for which Safety National should have sought leave to file. Because Safety National failed to comply with Local Rule 3.01(c) and the Court already stated that no reply will be allowed, the City's Motion to Strike (Doc. # 18) is granted and Safety National's Notice of Filing Supplemental Authority (Doc. # 17) is stricken.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff City of Bradenton's Motion to Strike the Notice of Filing Supplemental Authority (Doc. # 18) is **GRANTED.**

(2) Defendant Safety National Casualty Corporation's Notice of Filing Supplemental Authority (Doc. # 17) is **STRICKEN**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of June, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE